## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTOPHER COTY MAIER,

      **Plaintiff,**

      **v.**                              **CASE NO.  16-3219-SAC-DJW**

KANSAS, STATE OF,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Douglas County Jail in Lawrence, Kansas.  Plaintiff has filed two Complaints (Docs. 1, 6), a "Complaint II" (Doc. 7), a "Complaint III" (Doc. 13), a "Complaint IV" (Doc. 12), a "Complaint – Whistle Blower Act" (Doc. 14), a "Complaint V" (Doc. 24) and a "Petition for Writ of Habeas Corpus" (Doc. 25).  In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint.  *See* Fed. R. Civ. P. 15.

Plaintiff alleges in his original Complaint at Doc. 1 that Defendant State of Kansas "committed treason" and is involved in a "chain-conspiracy."  In response to the section of the form complaint asking whether or not Plaintiff exhausted his administrative remedies, he responded "yes," and explained that relief was sought through "President Obama, Governor Sam Brownback, . . . James Comey . . . [and] The Pope."  Plaintiff names the State of Kansas as the sole defendant, and seeks relief "to be released to finish God's work and sanctify secular human rights and arrest crooked cops that elevate themselves at the people's expense."

Plaintiff has filed six additional complaints since the filing of his original complaint. Although largely incomprehensible, the complaints suggest a conspiracy among the Lawrence Police Department, the District Attorney's Office, the Douglas County Sheriff's Office, a state court judge, and several witnesses and inmates, relating to Plaintiff's state court criminal proceedings. Plaintiff alleges that this conspiracy against him renders him in need of an escort by Federal Marshals and placement in a witness protection program. Plaintiff also mentions R.I.C.O., the Federal Arbitration Act, and the Whistleblower Act.

Even though Plaintiff is proceeding *pro se*, he is required to comply with court rules and the Federal Rules of Civil Procedure. Plaintiff's attempts to amend his original complaint fail to comply with D. Kan. Rule 15.1. Plaintiff also failed to present all of his claims on complaint forms as required by D. Kan. Rule 9.1.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## II.  DISCUSSION

To bring a § 1983 claim, a plaintiff must show a "deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983.").  Furthermore, the Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Therefore, this action is dismissed against

defendant State of Kansas because this sole defendant is not a "person" amenable to suit under § 1983 and it is immune from suit under the Eleventh Amendment.

Furthermore, Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim.  A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants."  *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).  In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right.  *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim.  As noted, in order to state a claim of conspiracy, a plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right.  *See Thompson*, 58 F.3d at 1517.  Plaintiff's complaint does neither.  Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555.  Plaintiff's complaint asserts conclusory and speculative claims of conspiracy with no supporting factual allegations.  Such bald assertions fail to state a viable claim for relief.  *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

The Court also notes that Plaintiff's request to be transferred to a federal facility fails to allege a constitutional violation.  An inmate possesses no constitutional right to transfer or to be incarcerated in the facility of his choice.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

### III. Motions

In light of the Court's ruling, Plaintiff's pending motions are denied.  Plaintiff has filed: three motions for discovery (Docs. 8, 21, 22); three motions for issuance of subpoenas (Docs. 11, 18, 30), seeking to subpoena records; a motion for investigative funds (Doc. 10), seeking $300 "for an investigation"; three Motions for Copies (Docs. 15, 16, 26); a motion for injunctive relief (Doc. 27); and a Motion Requesting Enforcement and Change of Venue (Doc. 20), asking this Court for a change of venue in his state court criminal proceedings and for relocation to another facility.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions (Docs. 8, 10, 11, 15, 16, 18, 20, 21, 22, 26, 27 and 30) are **denied.**

**IT IS SO ORDERED**.

Dated in Topeka, Kansas, on this 10th day of February, 2017.


s/ Sam A. Crow
Sam A. Crow
Senior U. S. District Judge